**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5716-17T1

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
FOR J.P. MORGAN MORTGAGE
ACQUISITION TRUST 2007-CH3,
ASSET-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2007-CH3,

     Plaintiff-Respondent,

v.

GWENDOLYN LYNN,

     Defendant-Appellant,

and

MR. LYNN, husband of
Gwendolyn Lynn, CHASE
BANK, USA, NA, and STATE
OF NEW JERSEY,

     Defendants.

_____

Submitted December 11, 2019 – Decided February 3, 2020

Before Judges Koblitz, Whipple and Gooden Brown.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-012138-15.

Gwendolyn Lynn, appellant pro se.

Parker Ibrahim & Berg, LLP, attorneys for respondent (Charles W. Miller, III, Ben Z. Raindorf and Jonathan M. Etkowicz, on the brief).

PER CURIAM

In this foreclosure matter, defendant Gwendolyn Lynn appeals from four Chancery Division orders, specifically, an October 23, 2015 order granting summary judgment to plaintiff Deutsche Bank National Trust Company, a June 28, 2017 order again granting plaintiff summary judgment and striking defendant's answer, a June 15, 2018 order denying defendant's motion to fix the amount due, and a July 5, 2018 order entering final judgment of foreclosure. We affirm.

We glean these facts from the record. On October 17, 2006, defendant executed a thirty-year adjustable rate note in the amount of $368,000 to Chase Bank USA, N.A. (Chase Bank). To secure payment of the note, on the same date, defendant executed a non-purchase money mortgage to Chase Bank encumbering property located in Maplewood. The mortgage was recorded on November 6, 2006 in the Essex County Register's Office.

On November 17, 2008, Chase Bank assigned the mortgage to Chase Home Finance, LLC (Chase Home), which assignment was recorded on December 11, 2008. On the same date, November 17, 2008, Chase Home assigned the mortgage to Deutsche Bank National Trust Company, as trustee for J.P. Morgan Chase Bank, National Association JPMAC 2007-CH3, which assignment was recorded on December 21, 2008. On July 27, 2009, Chase Home executed a subsequent assignment in order to "[c]orrect the [a]ssignee name," this time assigning the mortgage to plaintiff, Deutsche Bank National Trust Company, as trustee for J.P. Morgan Mortgage Acquisition trust 2007-CH3, Asset Backed Pass-Through Certificates, Series 2007-CH3. The corrective assignment was recorded on September 23, 2009.

Less than two years after executing the loan documents, on February 1, 2008, defendant defaulted on the note by failing to make the required payments. In accordance with N.J.S.A. 2A:50-56(a), over thirty days before filing a foreclosure action, a Notice of Intention to Foreclose (NOI) was mailed to defendant on October 13, 2014 by Select Portfolio Servicing, Inc. (SPS), plaintiff's servicer, identifying the lender, the amount due, and the date on which defendant's right to cure the default would expire. When defendant failed to

cure the default, on April 2, 2015, plaintiff filed a foreclosure complaint.[1] Thereafter, defendant filed a contesting answer, raising twelve affirmative defenses, including plaintiff's lack of standing, a statute of limitations bar, and failure to comply with the notice requirements in the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68.

Subsequently, plaintiff moved for summary judgment, and defendant cross-moved to dismiss plaintiff's complaint. In a supporting certification, Jill Johnson, an SPS document control officer, certified that based on her personal review of business records kept in the regular course of business, defendant failed to cure the default after a NOI "was sent to [her] via certified mail return receipt requested." Johnson also averred that "[p]rior to the commencement of th[e] action, [p]laintiff was and to date remains the holder of [the] note executed by [d]efendant," and the assignment of the mortgage to plaintiff, as evidenced by the corrective assignment, predated the filing of the foreclosure complaint.

In an order entered on October 23, 2015, Judge Donald A. Kessler denied defendant's motion, granted plaintiff summary judgment, struck defendant's answer, and transferred the matter to the Office of Foreclosure as an uncontested

---

[1] This was the second foreclosure complaint plaintiff filed against defendant. The first was filed on June 2, 2008, but was subsequently dismissed without prejudice for lack of prosecution.

4

case.  In an accompanying written opinion, the judge applied the governing principles and determined that "there [were] no genuine issues of material fact in dispute."  The judge concluded plaintiff "established a prima facie case of its right to foreclose" by "demonstrating the execution of the mortgage, delivery of the mortgage, and nonpayment of the mortgage."

After carefully reviewing the Johnson certification, the judge determined it satisfied the personal knowledge requirements of Rule 1:6-6, and the business records requirements of Rule 4:64-2 to support plaintiff's prima facie case.  The judge also acknowledged that defendant "admit[ted] to the execution of the [loan] documents," and admitted to "defaulting under the terms of the [n]ote and [m]ortgage," thus conceding material elements of plaintiff's case.

The judge rejected defendant's affirmative defenses, as "barebones allegations unsupported by any facts" sufficient to "defeat a meritorious application for summary judgment."  In particular, the judge rejected defendant's contention that plaintiff's foreclosure action was barred by the statute of limitations.  The judge posited "[t]he issue is whether [p]laintiff is bound by a six-year statute of limitation, which may have tolled in 2008 when [p]laintiff 'accelerated' the loan in its initial complaint, or whether [p]laintiff is subject to

the [twenty]-year statute of limitations, calculated from the date [d]efendant defaulted on the obligation."

After conducting a thorough analysis of the statute of limitations codified in N.J.S.A. 12A:3-118(a), the Uniform Commercial Code (UCC) provision governing secured instruments and notes, and N.J.S.A. 2A:50-56.1, the FFA provision relating to foreclosures, the judge concluded that the twenty-year statute of limitations contained in N.J.S.A. 2A:50-56.1(c), rather than the six-year statute of limitations contained in N.J.S.A. 12A:3-118(a), applied to foreclosure actions. According to the judge, "[s]ince [d]efendant defaulted on February 1, 2008, which is less than twenty years ago, the statute of limitations ha[d] not lapsed."

The judge also expressly rejected defendant's standing challenge. Relying on the Johnson certification, the judge found that plaintiff "established possession of the [n]ote, and . . . annexed a true copy . . . to the certification." The judge explained that because "[t]he [n]ote [was] ultimately indorsed in blank by [Chase Home]," under N.J.S.A. 12A:3-205(b), the note became "payable to bearer." According to the judge, "[a]s the bearer of the note, indorsed in blank, [p]laintiff [was] the holder of the [n]ote and entitled to enforce the note" pursuant to N.J.S.A. 12A:3-301.

A-5716-17T1

Additionally, citing Deutsche Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315 (App. Div. 2012), the judge found that "although possession of the [n]ote indorsed in blank [was] enough to establish [p]laintiff's standing, [d]efendant . . . also provided evidence of a valid assignment" that "predate[ed] the complaint" to further support "its standing" claim. In that regard, the judge rejected defendant's contention that the assignment was invalid "because Chase Home . . . had already assigned the mortgage to another party prior to assigning the mortgage to [p]laintiff." The judge noted defendant "provide[d] no legal basis to challenge a corrective assignment" and was satisfied that "the corrective assignment was validly made to reflect the chain of title."

Thereafter, plaintiff moved for leave to file an amended complaint to add a judgment creditor as a defendant, and, on February 17, 2017, Judge Kessler granted plaintiff's unopposed motion. An amended complaint was subsequently filed on February 24, 2017, and defendant filed an amended answer raising seventeen affirmative defenses, mirroring those raised in her first answer.

On May 5, 2017, plaintiff filed a second motion for summary judgment. In support, plaintiff submitted a certification prepared by SPS Document Control Officer Sherry Benight, which mirrored the Johnson certification. In a June 28, 2017 order, Judge Kessler granted plaintiff's unopposed motion, struck

A-5716-17T1

defendant's amended answer, and transferred the case to the Office of Foreclosure as an uncontested matter. In his statement of reasons, the judge found that "the law of the case doctrine applie[d] and preclude[d] [d]efendant from re-litigating substantially identical defenses to [p]laintiff's foreclosure action." The judge determined that defendant was "provided a 'full and fair opportunity to litigate' her defenses," "the law of the case doctrine preclude[d] [d]efendant[] from re-raising the same defenses and theories which th[e] [c]ourt previously determined were futile[,]" and "[her] answer to the amended complaint [did] not address any of the new theories set forth in the amended complaint."

On November 15, 2017, plaintiff moved for entry of final judgment. Pursuant to Rule 4:64-2 and Rule 4:64-9(b), plaintiff submitted a "certification of proof of amount due" executed by Kim McElreath, an SPS document control officer, certifying to the amounts due and owing, defendant's failure to cure the default, and plaintiff's status as the holder of the note and assignee of the mortgage. An amount due schedule providing a detailed breakdown of the amount due was attached to the certification, and reflected an amount due of $736,061.29, consisting of unpaid principal, interest, and advances.

Over plaintiff's objection, defendant filed a cross-motion to fix the amount due. In her supporting certification, defendant "dispute[d]" all the amounts listed on the schedule, claiming "[p]laintiff concealed the actual amount by redacting some transaction amounts." In a June 15, 2018 order, a different judge denied defendant's motion to fix the amount due. In an oral opinion, the judge determined that plaintiff's certification complied with Rule 4:64-2(b) and provided the evidential support required by the rule. In contrast, defendant failed to provide the "specificity" required by the rule to advance a valid objection. Accordingly, the judge rejected defendant's "general" "conclusory" "objections" as "[im]proper objections" under the rule, and returned the matter to the Office of Foreclosure. On July 5, 2018, a final judgment of foreclosure was entered and this appeal followed.

On appeal, defendant raises the following points for our consideration:

> POINT I    THE TRIAL COURT ERRED[] AND ABUSED ITS DISCRETION GRANTING THE FIRST SUMMARY JUDGMENT[.]
>
> POINT 2    THE TRIAL COURT ERRED[] AND ABUSED ITS DISCRETION [WHEN IT] PERMIT[TED PLAINTIFF] TO AMEND ITS COMPLAINT AND GRANT[ED] PLAINTIFF[] A SECOND SUMMARY [JUDGMENT] WITHOUT VACATING THE FIRST SUMMARY JUDGMENT ORDER (NOT RAISED BELOW).

As to the second point, defendant's failure to oppose plaintiff's motion to amend the complaint and plaintiff's second summary judgment motion in the trial court precludes her from challenging these orders on appeal. See State v. Robinson, 200 N.J. 1, 20 (2009) (restating the well-settled legal principle that "appellate courts will decline to consider questions or issues not properly presented to the trial courts when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest" (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). As to the first point, we affirm substantially for the reasons expressed in Judge Kessler's cogent and well-reasoned written opinion.[2] We add the following brief comments.

We review a grant of summary judgment applying the same standard used by the trial court. Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 366 (2016). "Summary judgment is appropriate where the evidence fails to show a genuine issue as to any material fact challenged and the moving party is entitled

---

[2] In her notice of appeal, defendant also lists the June 15, 2018 order denying her motion to fix the amount due, and the July 5, 2018 order entering final judgment of foreclosure. However, nowhere in her merits brief does defendant present any legal argument or citation of law challenging these orders. "An issue that is not briefed is deemed waived upon appeal." N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 505-06 n.2 (App. Div. 2015).

to judgment as a matter of law." Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 299 (App. Div. 2009) (citing R. 4:46-2(c)). In reviewing summary judgment motions, we "view the 'evidential materials . . . in the light most favorable to the non-moving party.'" Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (alteration in original) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). However, "an adverse party may not rest upon the mere allegations or denials of the pleading . . . [to show] that there is a genuine issue for trial." R. 4:46-5(a).

Further, it is "well settled that '[b]are conclusions in the pleadings without factual support in tendered affidavits, will not defeat a meritorious application for summary judgment.'" Cortez, 435 N.J. Super. at 606 (alteration in original) (quoting Brae Asset Fund, LP v. Newman, 327 N.J. Super. 129, 134 (App. Div. 1999)). Additionally, all sufficiently supported material facts will be deemed admitted for purposes of the motion unless "specifically disputed" by the party opposing the motion. R. 4:46-2(b). "The practical effect of [Rule 4:46-2(c)] is that neither the motion court nor an appellate court can ignore the elements of the cause of action or the evidential standard governing the cause of action." Bhagat v. Bhagat, 217 N.J. 22, 38 (2014).

In that regard, "the only issues in a foreclosure action are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." U.S. Bank Nat. Ass'n v. Curcio, 444 N.J. Super. 94, 112-13 (App. Div. 2016) (quoting Sun NLF Ltd. P'ship v. Sasso, 313 N.J. Super. 546, 550 (App. Div. 1998)). When "the execution, recording, and non-payment of the mortgage [are established], a prima facie right to foreclosure [is] made out." Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952).

To establish the right to resort to the mortgaged premises, the mortgagee must have standing. "As a general proposition, a party seeking to foreclose a mortgage must own or control the underlying debt" in order to have "standing to proceed with the foreclosure action." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)). However, "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing." Angeles, 428 N.J. Super. at 318 (citing Mitchell, 422 N.J. Super. at 216).

Here, applying these well settled principles, we are convinced Judge Kessler properly granted plaintiff summary judgment. To the extent any

argument raised by defendant in her merits brief has not been explicitly addressed, it is because the argument lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5716-17T1